IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL ACTION NO.: 1:26-cv-00120

MICHAEL SHOAF,                              )
                                           )
          Plaintiff,                       )
                                           )
v.                                         )   **NOTICE OF REMOVAL OF ACTION**
                                           )   **PURSUANT TO 28 U.S.C. § 1441(b)**
                                           )   **(DIVERSITY)**
SAFECO INSURANCE COMPANY OF                )
AMERICA,                                   )
                                           )
          Defendant.                       )

Defendant, Safeco Insurance Company of America ("Safeco" or "Defendant"), by and through the undersigned counsel, hereby gives notice, pursuant to 28 U.S.C. §§ 1332, 1441(b), and 1446, that it has removed the above-captioned matter to the United States District Court for the Western District of North Carolina. A copy of this Notice is being filed with the Clerk of the Superior Court of Buncombe County, North Carolina, pursuant to 28 U.S.C. 1446(b). In support of this Notice, Safeco states the following:

**PROCEDURAL HISTORY AND CASE BACKGROUND**

On or about February 24, 2026, Plaintiff Micheal Shoaf ("Shoaf" or "Plaintiff") filed a legal complaint in the Superior Court of Buncombe County, North Carolina (the "Complaint" or "Plaintiff's Complaint"). *See Ex. A, Summons and Complaint.* The Complaint was assigned case no. 26-CV-001276-100 (the "State Court Action"). Plaintiff served its Complaint on Safeco on or about April 3, 2026. *See Ex. B, Notice of Service of Process.*

Safeco issued to Plaintiff an insurance policy (the "Policy"). *See Ex. C, a copy of the Policy.* That Policy affords certain insurance coverage for Plaintiff's property, a

1

residence and certain contents therein, located at 216 Sunset Drive in Black Mountain, North Carolina (the "Property"). *Id.* On or about October 12, 2024, according to the Complaint, the house was "completely destroyed" by fire damage and made "uninhabitable for Plaintiff and his renters." *See Ex. A, Compl.,* ¶ *15.* Although Plaintiff submitted an insurance claim relative to such damage, Safeco allegedly declined coverage. *Id at* ¶ *15-16.*

Plaintiff's Complaint alleges the following five separate causes of action, as a result of Safeco's purported insurance claim declination:

I.  Breach of Contract (*id. at* ¶¶ *28-31*);

II.  Declaratory Judgment (*id.at* ¶¶ *32-35*);

III.  Bad Faith Refusal to Settle Claim (*id. at* ¶¶ *36-43*);

IV.  Punitive Damages (*id at* ¶¶ *44-46*); and

V.  Unfair Claim Settlement Practices under N.C.G.S. § 58-63-15(11), in violation of N.C.G.S. § 75-1-1 (*id. at* ¶¶ *47-58*);

Plaintiff concludes his Complaint with a prayer for relief requesting compensatory damages in excess of $25,000.00. *See Ex. A, Compl., p. 10.* Further, Plaintiff requests that his compensatory damages be trebled, or, alternatively, recover punitive damages. *Id.* Lastly, Plaintiff requests reasonable attorney's fees pursuant to N.C.G.S. § 75-16.1.

### JURISDICTIONAL BASIS UNDER 28 U.S.C. § 1332

Under 28 U.S.C. § 1332(a)(1), this Court has "original jurisdiction where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of different States …." *See* 28 U.S. Code § 1332(a). Here, both criteria are met.

2

## I. Complete Diversity of Citizenship Exists

According to the Complaint, Plaintiff is a citizen and resident of Buncombe County, North Carolina. *See Exhibit A, Complaint, pp. ¶ 1*. Thus, Plaintiff is a citizen of the State of North Carolina.

Safeco is a corporation organized and existing under the laws of the State of New Hampshire, with its principal place of business in Boston, Massachusetts. Thus, Safeco is a citizen of the States of New Hampshire and Massachusetts.

Accordingly, because Plaintiff and Defendant are the only Parties to this Action and are citizens of different States, complete diversity exists between the Parties.

## II. The Amount in Controversy in this Matter Exceeds $75,000.

A federal court has diversity jurisdiction over an action where the amount in controversy exceeds $75,000, exclusive of interest and costs, and the parties have complete diversity of citizenship. *See* 28 U.S.C. § 1332(a); *Elliott v. American States Insurance Company*, 883 F.3d 384, 394 (4th Cir. 2018); *see also Snyder v. Harris,* 394 U.S. 332, 335, 89 S. Ct. 1053, 1057, (1969); *Withers v. BMW of North America,* 560 F.Supp.3d 1010 (W.D.N.C 2021) (holding treble damages may be used to meet the amount in controversy threshold to support federal court diversity jurisdiction.); *Bell v. Preferred Life Assur. Soc. of Montgomery, Ala.,* 320 U.S. 238, 64 S. Ct. 5 (1943) (holding that punitive as well as compensatory damages are to be considered in determination of whether requisite jurisdictional amount is actually in controversy); *Wood v. Stark Tri-County Bldg. Trades Council,* 473 F.2d 272 (6th Cir. 1973) (holding same); *Shanaghan v. Cahill,* 58 F.3d 106, 109 (4th Cir. 1995) (holding consistent with *Snyder v. Harris*); *First Mercury Ins. Co. v. Excellent Computing Distributors, Inc.,* 648 F. App'x 861, 864 (11th

3

Cir. 2016).[1]

Although the Complaint only pleads the amount necessary for jurisdiction in the Superior Court of Buncombe County, Plaintiff's purported breach of contract damages, alone, exceed $75,000. For example, in his Complaint, Plaintiff alleges the property "was a total loss." *See Ex. A, Compl., ¶ 3.* Furthermore, during the insurance claims adjustment, Plaintiff submitted a notarized proof of loss claiming his damages for the dwelling alone were $695,000.00. *See Ex. D, Proof of Loss.* Accordingly, Plaintiff's claimed damages relative to his Breach of Contract Count alone are purportedly in excess of $75,000.00.

Notwithstanding the above, Plaintiff's Complaint alone surpasses the amount in controversy requirement. As mentioned above, Plaintiff seeks compensatory damages in excess of $25,000.00; treble damages, or, alternatively, punitive damages; and attorney's fees. Plaintiff seeks treble damages and attorney's fees pursuant to N.C.G.S. § 75-16 and N.C.G.S. § 75-16.1, respectively. *See Ex. A. Compl., ¶¶ 57-58.* As these amounts are being sought pursuant to North Carolina law, they must be considered in determining the actual amount in controversy. *See supra Withers v. BMW of North America,* 560 F.Supp.3d 1010 (W.D.N.C. 2021); *see also Francis v. Allstate Ins. Co.,* 709 F.3d 362 (4th Cir. 2013) (holding that when the applicable state's law permits recovery of attorney's

---

[1] Pursuant to 28 U.S.C. § 1446(a), a removing party need only make a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. *See Dart Cherokee Basin Operating Co., LLC v. Owens,* 135 S. Ct. 547, 554 (2014). "The key inquiry in determining whether the amount-in-controversy requirement is met is not whether the plaintiff will actually recover but an estimate of the amount that will be put at issue in the course of the litigation." *See Padgett Properties, LLLP v. Nautilus Insurance Co.*, 645 F. Supp. 3d 538, 542 (E.D.N.C. 2022), *citing Scott v. Cricket Communications, LLC*, 865 F.3d 189, 196 (4th Cir. 2017).

4

fees, such fees may be included when determining whether the matter satisfies the jurisdictional threshold).

Upon aggregating these amounts, the amount in controversy clearly exceeds the jurisdictional threshold of $75,000.00. When trebling the minimum amount of compensatory damages sought in Plaintiff's Complaint, $25,000.00, the amount in controversy reaches $75,000.00. Including even a nominal amount of undetermined attorney's fees would bring the amount in controversy above the jurisdictional requirement for this court to exercise diversity jurisdiction. Accordingly, the amount in controversy requirement of 28 U.S.C. 1332 is clearly met.

## **LEGAL ARGUMENT**

As stated above, the amount in controversy in this matter exceeds $75,000.00, exclusive of interest and costs, and this matter is between citizens of different states. Accordingly, this Honorable Court has jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441.

Pursuant to 28 U.S.C. § 1441(d), this Court is the proper venue for removal because it is the district and division embracing the place where the originally filed State Action is pending. Notwithstanding, Safeco does not waive its right to contest venue, including pursuant to 28 U.S.C. § 1404.

20. Pursuant to 28 U.S.C. §1446(d), a copy of this Notice of Removal is being served upon the Plaintiff and shall be contemporaneously filed with the Clerk's Office for the Superior Court of Buncombe County, North Carolina.

5

21.     Copies of the Notice of Removal to Opposing Counsel and the Notice of Filing the Notice of Removal, which shall both be filed in the State Court action, are attached hereto as *Exhibits E and F,* respectively.

22.     This Notice of Removal is not a waiver of Safeco's defenses, including but not limited to its right to contest venue, nor should it be understood or construed as a waiver of any defense Safeco may have against any of the allegations in the Complaint, or as a general appearance or waiver of any defense based upon lack of jurisdiction or for failure to state a claim.

WHEREFORE, Defendant, Safeco Insurance Company of America, hereby requests that the above-captioned Action be removed from the Superior Court of Buncombe County, North Carolina, to the United States District Court for the Western District of North Carolina.

Respectfully submitted this the 1st day of May, 2026.

BUTLER WEIHMULLER KATZ CRAIG LLP

s/ T. Nicholas Goanos
T. Nicholas Goanos
NC Bar No. 45656
Matthew Cogswell
NC Bar No. 58227
11525 N. Community House Road, Suite 300
Charlotte, NC 28277
Telephone:   (704) 543-2321
Facsimile:   (704) 543-2324
Email:       ngoanos@butler.legal
             mcogswell@butler.legal


*Attorneys for Defendant Safeco Ins. Co. of America.*

6

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 1st day of May, 2026, I served a true and correct copy of the foregoing **NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. § 1441(b)** by electronically filing with the United States District Court for the Eastern District of North Carolina using the CM/ECF system and by mailing the same, via 2-Day Federal Express, to the following:

Joseph A. Ferikes
Ferikes Bleynat & Cannon, PLLC
67 Charlotte Street
Asheville, North Carolina 28801
*Attorney for Plaintiff Michael Shoaf*

/s/  T. Nicholas Goanos
T. Nicholas Goanos

7